# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

ROMOND HENRY                       CIVIL ACTION

VERSUS                              NO.: 12-0686

ORLEANS PARISH SHERIFF       SECTION "I" (4)
MARLIN N. GUSMAN

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. On April 24, 2012, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff participating by conference telephone call.[2] Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *See also Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] R. Doc. 5. The plaintiff was sworn in prior to testifying. The hearing was digitally recorded.

# I.     Factual Background

## A.     The Complaint

The plaintiff, Romond Henry ("Henry"), filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Orleans Parish Sheriff Marlin N. Gusman ("Gusman"), alleging that he is housed in the Orleans Parish Prison system ("OPP") in unconstitutional conditions.

Henry alleges that, while being held in the House of Detention ("HOD"), there was no ladder to get from the lower rack to the top rack of his bunk. He claims that the lack of a ladder caused him to have lower back problems. As a result, he alleges the need to see the prison doctor. Although Henry attaches grievances that he filed to his complaint, he does not specifically claim such grievances within the complaint itself.

As relief, Henry requests to see a doctor for his lower back pain, and the addition of ladders to all bunks in HOD. He further requests $40,000 for pain and suffering.

## B.     The *Spears* Hearing

Henry testified that prior to his incarceration, he was working offshore near New Orleans laying and collecting boons in and from the water. He stated that as a result of this work, he suffered from chronic back pain.

Henry further testified that when first arriving at HOD, he was placed on the top bunk of his cell. He stated that he filed an initial grievance in which he complained that if a ladder was not installed, it would not be suitable for his back. He further stated that he filed numerous other grievances, to all of which he received a response stating "your matter is being looked into." Henry also testified that two (2) weeks before the *Spears* hearing, he slipped in the shower and was sent

to the prison nurse. He stated that the slip was due to the fact that there was no slip resistant mat on the floor. He stated that the nurse rubbed his back, told him that nothing was wrong, and gave him ibuprofen for the pain. Afterwards, he filed another grievance and received the same response as the others.

He also testified that he sued Gusman and not anyone from the medical department because Gusman is the individual who is in charge of the entire prison facility. When asked whether Gusman had any personal knowledge of his situation, Henry testified that he did not.

## II.    Standards of a Frivolousness Review

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *overruled on other grounds*, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 347 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably

meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see also Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III.   Analysis

### A.   Claims Against Sheriff Gusman

Henry named Gusman as a defendant in his role as supervisory official over OPP. Henry claims that he complained about the conditions in HOD through the grievance process, and did not receive relief. He has not, however, alleged that Gusman was made personally aware of the conditions at HOD.

As a supervisory official over the jail, Gusman would not be vicariously liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate at the jail allegedly violated the Henry's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). He only would be liable under § 1983 if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120, 123 (5th Cir. 1980). Henry does not allege that Gusman was the individual who placed him on the top bunk of his cell. He also does not indicate that he in anyway notified Gusman personally about these complaints.

Henry has not demonstrated a personal connection that would render Gusman liable under § 1983. His claims against Gusman are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e.

**B.** <u>**General Prison Conditions**</u>

Even if Henry could point to a liable party, his claims do not amount to constitutional violations. The Court recognizes that, at the time of the alleged violations, Henry was a pretrial detainee. Pretrial Detainees are protected from undue punishment by the Due Process Clause of the Fourteenth Amended. *Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)). Although the distinction is primarily one of formality, in order to determine whether a pretrial detainee's rights have been violated under the Fourteenth Amendment, the court applies an analysis identical to that in Eighth Amended cases. *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996).

The Eighth Amendment protections against cruel and unusual punishment. "Prison conditions constitute cruel and unusual punishment if they involve the 'wanton and unnecessary infliction of pain [or if they are] grossly disproportionate to the severity of the crime warranting imprisonment.'" *Hamilton v. Lyons*, 74 F.3d 99, 103-04 (5th Cir. 1996) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see also Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Hutto v. Finney*, 437 U.S. 678, 687 (1978). Like other Eighth Amendment claims, a conditions of confinement claim must satisfy tests for both objective and subjective components. *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)); *accord Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). To succeed on a claim of unconstitutional conditions of confinement, this Court "must ask if 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a Constitutional violation." *Hudson*, 503 U.S. at 8 (quoting *Wilson*, 501 U.S. at 303). If the Court finds that either the subjective or objective component of the test is not met, it need not address the other component.

*Davis*, 157 F.3d at 1006.

With respect to the objective component, the Supreme Court in *Wilson* noted that routine discomfort is part of the penalty that prisoners pay for having committed crimes. 501 U.S. at 310. Therefore, "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Id*. at 298 (quoting *Rhodes*, 452 U.S. at 347). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson*, 503 U.S. at 9.

With respect to the subjective component of the test, the Supreme Court has applied a deliberate indifference standard. *Wilson*, 501 U.S. at 303. "Deliberate indifference" means that a prison official is liable "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

> To establish deliberate indifference in the context of the Eighth Amendment, the prisoner must show that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed.

*Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing *Farmer*, 511 U.S. at 837). "Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of a substantial risk." *Id*. (citing *Farmer*, 511 U.S. at 842 n.8).

> The Supreme Court has recently reaffirmed that "deliberate indifference" is a <u>stringent</u> standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. . . . The "deliberate indifference" standard permits courts to separate omissions that "amount to an intentional choice" from those that are merely "unintentionally negligent oversight[s]."

*Southard v. Tex. Bd. of Criminal Justice*, 114 F.3d 539, 551 (5th Cir. 1997) (citing *Bd. of County Comm'rs v. Brown*, 520 U.S. 397 (1997)) ( citations omitted) (emphasis added).

Henry complains that the living conditions of the facility are substandard, because his bunk has no ladder in which to get to the top rack. He complains that without a ladder, his back pain will continue. The conditions described by Henry do not rise to a level of seriousness constituting a constitutional violation.

The failure to install bunks with ladders does not constitute an extreme deprivation. *See Collins v. May*, No. 3:10-cv-1891, 2011 U.S. Dist. LEXIS 55353, at *10 (W.D. La. April 27, 2011) (failure of prison officials to equip plaintiff's "bunk with a ladder simply does not amount to the deprivation of a minimal civilized measure of life's necessities."); *Moore v. United States*, No. 4:12CV0348, 2012 U.S. Dist. LEXIS 88169, at *13 (N.D. Ohio June 26, 2012) (failure to install ladders does not constitute an 8th Amendment violation). Henry's only claim is that the absence of a ladder is causing him back problems. Although the complaint does indicate that his back problems began prior to his incarceration, he does not state whether the absence of a ladder has exacerbated the pain or whether it has stayed the same. Additionally, he has filed grievances but has not filed any requests for medical care with the prison medical staff. He provides no evidence to suggest that there has been extreme deprivation. Accordingly, Henry has failed to show an Eighth or Fourteenth Amendment violation.

During the *Spears* hearing, Henry also testified that he fell while taking a shower due to the fact that there was no slip resistant mat. However, nowhere in his complaint does he mention the fall or that it was caused by the negligence of the prison officials. Nonetheless, even if he claimed that the negligence of the prison officials caused him to slip and fall, it still would not amount to a constitutional violation. The United States Supreme Court and the United States Fifth Circuit have ruled that such "slip and fall" negligence claims simply are not cognizable under 42 U.S.C. § 1983.

*See Daniels v. Williams*, 474 U.S. 327, 332 (1986); *Noble v. Grimes*, 350 Fed. Appx. 892, 893 (5th Cir. 2009). Therefore, Henry's claim arising out of a fall would not be cognizable under Section 1983.

For the foregoing reasons, Henry's complaint fails to state a cognizable § 1983 claim. The claims must also be dismissed as frivolous and/or for failure to state a claim pursuant to § 1915(e), § 1915A, and § 1997e.

## IV.    Recommendation

It is therefore **RECOMMENDED** that Henry's § 1983 complaint against Sheriff Marlin N. Gusman be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §§ 1915(e), 1915A and 42 U.S.C. §1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 27th day of July, 2012.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.